IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KAREN LOWE SHORT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:12-cv-1799-LSC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF OPINION

I.     Introduction

The plaintiff, Karen Lowe Short, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Social Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and Disabled Widow's Benefits ("DWB").[1] Ms. Short timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Short was fifty-one years old at the time of the Administrative Law Judge's

---

[1] A claimant may be eligible for DWB if she is between fifty and sixty years of age and is under a disability which began within a specified period. *See* 42. U.S.C. § 402(e)(1)(B)(ii); 20 C.F.R. § 404.335(c).

("ALJ's") decision, and she has a twelfth grade education. (Tr. at 20, 79-80, 129, 132, 179, 181, 184.) Her past work experiences include employment as a housekeeper, cashier, clerk, short-order cook, and caregiver.  (Tr. at 79-80, 179, 181, 184.)  Ms. Short claims that she became disabled on June 25, 2009, due to hypertension, asthma, heart problems, lower back pain, left arm neuropathy, and chronic obstructive pulmonary heart disease ("COPD").  (Tr. at 60, 180, 209).

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. *Id.* If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id.* The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. *Id.* If they do not, a determination of the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. §§ 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.* Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v) 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found that Ms. Short meets the nondisability requirements for a period of disability and DIB and was insured

through June 30, 2010. (Tr. at 25.) He further determined that Ms. Short has not engaged in substantial gainful activity since the alleged onset of her disability. (*Id.*) According to the ALJ, Plaintiff's degenerative disc disease of the cervical spine, bilateral degenerative joint disease of the shoulders, class I ischemic heart disease, and mild COPD are considered "severe" based on the requirements set forth in the regulations. (Tr. at 26). However, he found that these impairments, singly or in combination, neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 27.) The ALJ did not find Ms. Short's allegations to be totally credible, and the ALJ determined that she has the RFC to perform the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b).

According to the ALJ, Ms. Short is able to perform her past relevant work as a cashier. (Tr. at 31.) He determined that Plaintiff has past relevant work that "does not require the performance of work-related activities [that are] precluded by [Plaintiff's] residual functional capacity." (*Id.*) The ALJ concluded his findings by stating that Plaintiff "has not been under a disability, as defined in the Social Security Act, from June 25, 2009, the amended onset date of disability and through the date of this decision." (Tr. at 31.)

II.    Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* " The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.' " *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (*quoting Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for

" despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.   Discussion

Ms. Short alleges that the ALJ's decision should be reversed and remanded for two reasons.   First, she argues that the ALJ did not accord proper weight to the opinion of her treating physician.   Second, she argues that the ALJ should have applied Medical Vocational Guideline 201.14 to find her disabled at step five of the sequential evaluation process.

A.   Weight Given to the Opinion of the Treating Physician

Plaintiff contends that the ALJ erred in giving little weight to the opinion of her treating physician, Bruce Russell, M.D.  As a general matter, the weight afforded to a medical opinion regarding the nature and severity of a claimant's impairments depends, among other things, upon the examining and treating relationship the medical source had with the claimant, the evidence the medical source presents to support the opinion, how consistent the opinion is with the record as a whole, and the

specialty of the medical source. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d).

Within the classification of acceptable medical sources are the following different types of sources which are entitled to different weights of opinion: 1) a treating source, which is defined in the regulations as "your physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you;" 2) a non-treating source, which is defined as "a physician, psychologist, or other acceptable medical source who has examined you but does not have, or did not have, an ongoing treatment relationship with you;" and 3) a non-examining source, which is a "a physician, psychologist, or other acceptable medical source who has not examined you but provides a medical or other opinion in your case . . . includ[ing] State agency medical and psychological consultants . . . ." 20 C.F.R. § 404.1502. The regulations and case law set forth a general preference for treating sources' opinions over those of non-treating sources, and non-treating sources over non-examining sources. *See* 20 C.F.R. § 404.1527(d)(2); *Ryan v. Heckler*, 762 F.2d 939, 942 (11th Cir. 1985).

In fact, a treating physician's testimony is entitled to "substantial or considerable weight unless 'good cause' is shown to the contrary." *Crawford v.*

*Commissioner of Social Security*, 363 F.3d 1155, 1159 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)) (internal quotations omitted)." Good cause" exists for an ALJ to discount the weight of a treating physician's opinion when the: " (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (citing *Lewis*, 125 F.3d at 1440); *see also Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991) (holding " good cause" existed where the opinion was contradicted by other notations in the physician's record).  An ALJ " may reject the opinion of any physician when the evidence supports a contrary conclusion." *McCloud v. Barnhart*, 166 F. App'x 410, 418–19 (11th Cir. 2006) (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983)).

The Court must also be aware that opinions on topics such as whether a claimant is disabled, the claimant's residual functional capacity, and the application of vocational factors, " are not medical opinions . . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e. that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(e), 416.927(d).

In analyzing Plaintiff's applications for benefits, the ALJ considered various medical opinions and other evidence in the record. Plaintiff's treating physician, Dr. Russell, opined Plaintiff could lift at most 10 pounds occasionally; could sit 1 hour and stand 2 hours per 8 hour workday; experienced pain that would distract from the adequate performance of work; and suffered medication side effects that totally restricted her ability to function at a productive level. (Tr. 257-59). The ALJ declined to give this opinion significant weight as it was unsupported and inconsistent with other evidence (Tr. 29).  Instead, the ALJ gave significant weight to consultative examining physician Dr. Bruce Romeo, finding his opinion was more consistent with the evidence. (Tr. 30).  Dr. Romeo opined Plaintiff could lift up to 20 pounds frequently and 10 pounds occasionally, as well as sit and stand 8 hours each in a workday. (Tr. 279-284).

The ALJ properly found Dr. Russell's opinion was unsupported by the evidence of record.  *See* 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3) (requiring an ALJ to consider supportability when weighing a medical opinion). Dr. Russell's opinion identifies dramatic limitations, yet identifies no impairment that would lead to such limitations. (Tr. 257-259). As the ALJ noted, Dr. Russell never referred Plaintiff to a pain management specialist or orthopedist for her alleged pain, which undermined her

allegations of disabling pain. (Tr. 29). Moreover, Dr. Russell's treatment notes are devoid of objective findings that would support the limitations he assessed, but rather rely largely on Plaintiff's subjective complaints. A doctor's report that merely repeats the assertions of a patient whom the ALJ does not find credible is not objective medical evidence and should not receive significant weight. *See* 20 C.F.R. §§ 404.1528, 404.1529, 416.928, 416.929; *Freeman v. Barnhart*, 220 F. App'x 957, 960 (11th Cir. Mar. 23, 2007) (unpublished) (per curiam).

The ALJ also properly found Dr. Russell's opinion was inconsistent with other evidence. *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) (requiring an ALJ to consider consistency with other evidence when weighing a medical opinion). In 1999, Plaintiff complained of hurting her back while at work. (Tr. 310). She had mild tenderness to palpation in her right lumbar region and a positive straight leg raise ("SLR") test. (Tr. 310). Despite these findings, Plaintiff retained 5/5 strength in both her legs. (Tr. 310). In June 2009, examining physician Dr. David Gordon found Plaintiff had no gross musculoskeletal atrophy or deformity, some tenderness to the midline sacrum, and 5/5 flex and extension strength in her knees and hips. (Tr. 237-238). She had 5/5 hand grip strength bilaterally with normal finger dexterity and intact sensation in all extremities. (Tr. 238). Her SLR test was negative. (Tr. 238). She

could toe walk, heel walk, and squat and raise. (Tr. 238). Her limbs had no edema or ulcerations. (Tr. 238). Dr. Gordon noted Plaintiff had no problems sitting, standing, or walking in the hallway. (Tr. 238). She had mildly decreased range of motion ("ROM") testing in the cervical and dorso lumbar spine, with normal ROM elsewhere. (Tr. 239-240). This substantial evidence indicates Plaintiff's physical limitations were not as severe as assessed by Dr. Russell.

Dr. Russell's opinion also stated Plaintiff had limitations caused by medication side-effects (Tr. 259). Plaintiff stated during the hearing that she experienced no side effects whatsoever. (Tr. 71.) The ALJ properly noted that this further undermined Dr. Russell's opinion. (Tr. 29). Because the ALJ properly found Dr. Russell's opinion was unsupported and inconsistent with other evidence, the ALJ had "good cause" to discount the opinion. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Lewis*, 125 F.3d at 1440.

By contrast, the ALJ properly found Dr. Romeo's opinion merited significant weight. Dr. Romeo examined Plaintiff and found she had no spasms or other issues in the neck. (Tr. 270). She had no joint deformity, tenderness, synovitis, or effusion in the extremities. (Tr. 271). There was no spasm or deformity in the back. (Tr. 271). She demonstrated normal gait without an assistive device and had no postural

limitations. (Tr. 271). Her neurological functioning was intact with normal reflexes, grip strength, and dexterity. (Tr. 271). SLR testing was again negative. (Tr. 271). Dr. Romeo found normal ROM throughout the body. (Tr. 270-274). He reviewed x-rays of Plaintiff's shoulders that showed mild hypertrophy of the left acromioclavicular joint and moderate hypertrophy in the right. (Tr. 275-276). He also reviewed x-rays of the lumbosacral spine showing no fracture or subluxation, disk spaces that were well-preserved, and normal facet joints. (Tr. 277). He concluded the lumbosacral spine was normal. (Tr. 277). Finally, Dr. Romeo reviewed x-rays of the cervical spine that showed no fracture or subluxation, normal alignment, only moderate narrowing at C5-6, and normal facet joints. (Tr. 278).

The foregoing objective findings support Dr. Romeo's opinion that Plaintiff could lift 20 pounds frequently, 10 pounds occasionally, sit and stand 8 hours per workday, and would have no postural limitations. The opinion therefore merited significant weight. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c). Accordingly, the ALJ properly weighed the medical evidence in the record.

B.     The ALJ's Finding that Plaintiff was Capable of Performing Her Past Relevant Work at Step Four

Plaintiff next argues the ALJ should have found her disabled under Medical Vocational Guideline 201.14 at step five of the sequential evaluation process.  As

noted, step four of the sequential evaluation process requires the ALJ to consider whether a claimant can return to her past relevant work; if the ALJ finds the claimant's severe impairments prevent her from returning to her past relevant work, the ALJ moves to step five and determines whether the claimant can adjust to other work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), (v), 416.920(a)(4)(iv), (v).  However, if the ALJ finds at step four that the claimant is not disabled, the analysis ends, and he does not proceed to step five. *Id.* §§ 404.1520(a)(4), 416.920(a)(4).

Here, the ALJ found Plaintiff not disabled at step four (tr. 31), so he properly declined to engage in a step five analysis, to which the Medical Vocational Guidelines ("grid rules") would apply.  *See id.;* SSR 86-8 ("when a determination or decision that an individual is or is not disabled can be made at any step, evaluation under a subsequent step is not necessary") (emphasis in original).[2]  Because the grid rules apply only at step five of the sequential evaluation process, *see, e.g.,* 20 C.F.R. § 404.1520(f)(g), 416.920(f)(g), and because Plaintiff does not quarrel with the ALJ's

---

[2] The grid rules are a series of tables that constitute administrative notice of the numbers of unskilled jobs that exist throughout the national economy. *See* 20 C.F.R. pt. 404, subpt. P, app. 2 § 200.00(b).  If a claimant's combination of age, education, work experience, and RFC match one of the grid rules, the rule will direct a conclusion as to whether work exists that the claimant could perform. *See id.* However," [w]here any one of [these] findings of fact does not coincide with the corresponding criterion of a [grid rule], the [grid rule] does not apply in that particular case and, accordingly, does not direct a conclusion of disabled or not disabled."  20 C.F.R. pt. 404, subpt. P, app. 2 § 200.00(a).

determination at step four that she can perform her past relevant work, the Court need not consider Plaintiff's argument regarding hypothetical step five findings.

IV.    Conclusion

Upon review of the administrative record, and considering all of Ms. Short's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this 26th day of September 2014.

L. Scott Coogler
United States District Judge
[160704]